## EX PARTE SIDNEY BREMER.

### No. 8681.   Decided May 7, 1924.

**Forgery—Indeterminate Sentence Law.**

Where relator's petition seemed to proceed upon the theory that the indeterminate sentence law has been rendered inoperative by the action of the Governor in abolishing the Board of Pardon Advisers and that for this reason relator is entitled to some relief, held; that the indeterminate sentence law in no way depends upon the Board of Pardon Advisers, and the petition must be denied.

From Harris County.

Original Habeas Corpus Proceeding asking release from arrest under a conviction of forgery and confinement in the penitentiary for seven years.

The opinion states the case.

*Sidney Bremer, in propria persona.*

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Relator was convicted of forgery and his punishment assessed at confinement in the penitentiary for seven years. The trial judge, in obedience to the provisions of the "Indeterminate Sentence Law" (Acts 33d Legislature, 1st C. S., Chap. 5) pronounced sentence for not less than two nor more than seven years, two years being the minimum punishment for the offense of forgery. Relator has presented an original application for habeas corpus to this court in which he alleges that he has served the minimum term of two years, and is seeking relief at our hands from further service under such sentence. His position seems to proceed upon the theory that the "Indeterminate Sentence Law" has been rendered inoperative by the action of the Governor of the State in abolishing the Board of Pardon Advisers, and that for this reason relator is entitled to some relief.

The "Indeterminate Sentence Law" in no way depends upon the Board of Pardon Advisers. That law provides that the wardens, sergeants or guards shall keep a record of prisoners, and that the wardens shall make report thereof to the Board of Prison Commissioners who in turn shall make reports and recommendations to the Governor. The latter may or may not as in his judgment seems wise carry out such recommendations. That the Governor chooses not to call to his aid a Board of Pardon Advisers in the discharge of his executive duties in no way affects the matter. This court is without power to act in the premises. If relator has a meritorious plea it must be addressed to the executive and not the Judicial Department of the State Government.

The petition is denied.

*Writ refused.*